## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF JEWEL TERRY,** | : |
| **Plaintiff,** | : |
| **vs.** | : CA 08-0593-KD-C |
| **ESCAMBIA COUNTY, AL, et al.,** | : |
| **Defendants.** | : |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) on a motion to dismiss (Doc. 8), filed November 3, 2008 by defendant Escambia County, and a separate motion to dismiss (Doc. 10) filed that same day by defendant Poarch Band of Creek Indians, as well as Plaintiff's response (Doc. 14) to those motions.  As part of their arguments supporting their motions to dismiss, both defendants assert that this court lacks subject matter jurisdiction over the parties' dispute.  (Doc. 8, p. 1; Doc. 11, p. 1.)  In its response (Doc. 14) to these motions to dismiss, Plaintiff states that "it is conceded that this Honorable Court lacks subject matter jurisdiction," then asks this court "to grant the [d]efendants' Motions to Dismiss on the ground that the Court lacks federal subject matter jurisdiction."  (Doc. 14, p. 1-2.)

After a brief independent examination of this jurisdictional issue, the undersigned agrees with the parties that this court lacks subject matter jurisdiction, and so recommends that Defendants' motions (Docs. 8 & 10) be

**GRANTED**.  It is important to note, however, that this threshold issue is the *only* grounds on which these motions should be granted, and that therefore this court has not reached the question of whether the Poarch Band of Creek Indians is immune to suit by virtue of the sovereign immunity vested in such groups by our nation's jurisprudence.

      **DONE AND ORDERED** this 5th day of December, 2008.

                            s/WILLIAM E. CASSADY
                            UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                   s/WILLIAM E. CASSADY
                                                                   UNITED STATES MAGISTRATE JUDGE